BRADY, Justice.
This is an appeal from the Circuit Court of Lauderdale County, Mississippi, wherein the appellee was found liable in the amount of $600.65 because of an insuring agreement of a “faithful performance” clause in a performance blanket position bond. From this judgment an appeal is taken by the appellant principally upon the issue of *800 the inadequacy of the damages. A cross-appeal is taken by the appellee on the grounds of the lower court’s refusal of the appellee’s motion for a peremptory instruction.
Appellant, Hartford Accident & Indemnity Company, is a corporation engaged generally in the writing of various lines of insurance including faithful performance bonds for public employees. Appellee, John Reedy, was between July 1, 1960, and January 1, 1967, the administrator of the Stone County Hospital at Wiggins, Mississippi. The Stone County Hospital was a community hospital organized under Mississippi Code 1942 Annotated section 7129-50 et seq.
Appellant acted as surety on Reedy’s bond during his whole employment with the hospital. In July 1960 the appellant issued its individual official bond covering the faithful performance of John Reedy as hospital administrator only. This bond was renewed annually until May 1963 when the appellant’s “Public Employees Blanket Bond” was substituted for the appellee’s individual bond as administrator. The “Public Employees Blanket Bond” covered the administrator, Reedy, the seven trustees of the hospital, the medical records librarian, the dietitian, the superintendent of nurses, and the bookkeeper of the hospital. This blanket bond in the sum of $10,000 recites on its face that it terminates and cancels the previous individual bonds issued upon Mr. Reedy.
In the summer of 1967 the Mississippi State Department of Audit, through its staff auditor, Mr. Otis L. Snipes, Jr., conducted an audit of the financial affairs of the Stone County Hospital for the period of time between October 1, 1963, and June 6, 1967. The audit was actually made in May, June and July of 1967 and no audit of the hospital had been made by the State Auditor’s Office for two or three years prior to that audit, although Reedy had recommended to the Board of Trustees in 1965 or 1966 that an annual audit be made. This audit disclosed a cash shortage in the amount of $6,910.92, which was subsequently reduced to $6,557.32 by a delayed deposit of $353.60. All of the aforementioned shortage except $550.81 occurred during the appellee’s tenure as administrator of the Stone County Hospital. The State Auditor’s Report and demand makes no attempt to fix responsibility for the shortage, and Hartford paid to the state a final adjusted amount of $6,148.18.
Subsequent to the payment to the State by the appellant and as a result of an investigation made by its auditor, the appellant demanded and received from Mrs. Louise Atchison, the bookkeeper of the hospital, her promissory note to the appellant in the amount of the alleged shortage paid to the state by the appellant. The appellant solicited and received assistance from the appellee in getting Mrs. Atchison to execute her note. The bookkeeper was the same person employed by the hospital during the entire employment of the appel-lee and even before and after his employment. The appellant, after demanding and receiving the promissory note from the bookkeeper, filed this suit against the appel-lee for the full amount of the alleged shortage which it paid to the State. The appellant charged that the appellee did not faithfully perform his duties as administrator in that he caused bank deposits to be made up only infrequently, thereby permitting substantial sums of money to accumulate at the hospital business office; that he made no cross checks to compare receipts written with cash on hand; that he exercised no control over the access by hospital employees to the cash box; and that he made no checks on the reconciliation of bank statements. The jury rendered a verdict for the appellant in the amount of $600.65 and from a judgment for that amount the appellant appeals, urging first that a new trial should have been granted on the issue of the amount of damages, and second, that the amount of the jury verdict was so grossly inadequate and contrary to the overwhelming weight of *801 the evidence as to evince bias, passion and prejudice on the part of the jury. The appellee cross appeals on the ground that the trial court erred in denying its motion for a peremptory instruction.
First, we shall consider the assignment of error of appellee and cross appellant for the reason that if it be well taken then it is unnecessary in disposing of this case to consider the two errors urged by the appellant.
The Stone County Hospital, like all county hospitals, is a creature of the Legislature. Its creation, authority, operation and maintenance are all regulated by statutes. Mississippi Code 1942 Annotated section 7129-50 et seq. set forth the controlling statutes. The appellant instituted suit to recover the $6,148.18 which it was forced to pay as surety under its blanket bond. This bond No. 3586361 was conditioned on the faithful performance of Reedy of his duties as required by Mississippi Code 1942 Annotated section 7129-56.5 (1958), which provides as follows:
The board of trustees of any hospital provided for hereunder shall have full authority to appoint the administrator, superintendent, or other chief officer of the hospital and to delegate reasonable authority to such officer for the operation and maintenance of the hospital. The said board of trustees shall have charge, except as herein provided, of the maintenance and operation of such hospital and shall have full power and authority to promulgate and adopt suitable staff and hospital rules and regulations, to employ such personnel as may be necessary to properly maintain and operate such hospital, and to establish employee salaries and other employment benefits as may be advisable to attract and retain proficient personnel. The board of trustees may also sue in the name of such board of trustees, on behalf of such hospital, to collect any sum or sums owing it in any court having jurisdiction of the subject matter of any such suit, and it shall not be necessary that the names of the members of the board of trustees be set out in any suit. (Emphasis added.)
The said board of trustees shall have the further power and authority, in its discretion, to take adequate liability insurance on the operation of said hospital and, if liability insurance is in effect, may be sued by anyone affected to the extent of such insurance carried; provided, however, that immunity from suit is only waived to the extent of such liability insurance carried and a judgment creditor shall have recourse only to the proceeds or right to proceeds of such liability insurance. No attempt shall be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award rendered in favor of a claimant, but if the verdict rendered by the jury exceeds the limit of applicable insurance, the court, on motion, shall reduce the amount of said judgment to a sum equal to the applicable limit stated in the insurance policy.
ífí Ofi íjí 5>í ){C ijí
The administrator, superintendent or other officer being in charge of the operation of such hospital shall be under bond in an amount of not less than Ten Thousand Dollars ($10,000.00), nor more than Fifty Thousand Dollars ($50,000.00), with some surety company authorized to do business in the State of Mississippi as surety thereon, to faithfully perform the duties of his office, and each member of the board of trustees for such hospital shall be under bond in an amount of Ten Thousand Dollars ($10,000.00) with some surety company authorized to do business in the State of Mississippi as surety thereon, to faithfully perform the duties of his office. All premiums shall be paid from hospital funds.

The critical issue before this Court is: Was the appellee entitled to a peremptory *802 instruction? The determination of this issue depends upon whether or not the appellant established by a preponderance of the evidence that the appellee violated statutory mandates and comparable obligations prescribed in the bond executed by appellee as principal and by the appellant as surety. The appellant urges that the appellee was negligent in the manner in which he performed his duties as administrator of the Stone County Hospital, particularly in regard to the manner in which the appellee administered the handling of funds by said hospital by being lax and careless therein and in permitting other employees under his direction and supervision to handle such funds in a lax and careless manner. Therefore, stated simply, the issue resolves itself into whether or not Reedy’s obligation under section 7129-56.5 and under his bond executed in compliance therewith was violated by him because he failed to satisfactorily perform the duties of his office.
It is significant that neither in section 7129-56.5 nor in any of the other sections of the Code relating to the operation of a county hospital are there any duties specified insofar as an administrator is concerned. The above stated section does not in any manner prescribe or define the administrator’s duties to be fulfilled. The control and the operation of the county hospital is expressly vested in the trustees thereof. There is nothing in this record to indicate that the bylaws of the trustees of Stone County Hospital ever imposed any basic requirements upon the appellee or defined in any manner what his duties are. There is neither an order of the Board of Trustees in this record defining and setting forth the duties of this or any administrator nor is there any written contract or agreement between the trustees and the administrator establishing his duties.
The record discloses that when the ap-pellee and cross appellant entered upon this job he did so under a system of operation which heretofore had been in existence for several years. The record does not disclose that the State Auditor’s Office, the board of trustees or the appellant bonding company had ever voiced any criticism of the administrator because of the manner in which the hospital was operated.
The record establishes the fact that the appellee inherited the operating customs and procedures when he became administrator. He stated he knew of no reason for changing them and no changes were made. The record discloses that the former administrator did not handle any money; that he did not control the acceptance or disbursement of money; that he had no management of accounts; that he had no control over the issuance of receipts nor did he reconcile any balance of receipts or disbursements of any kind. It is conceded in appellant’s briefs, in the oral argument and also is clearly revealed in the record that the appellee is free from any suspicion of wrongfully appropriating any funds of the hospital. Blame for the deficit was placed upon the bookkeeper whose note for the disclosed shortage was taken by the appellant.
The record further discloses that the appellant sought the assistance of the ap-pellee who refused to be involved unless the bookkeeper asked him to advise her. When she did so, the appellee then discussed the matter with her and her husband and on the following day she gave her note to the appellant. In the absence of proof of any violation of any rule or regulation of the board of trustees, when considered with the fact that the same manner of operation which had been in existence in the hospital for several years before the appellee became administrator was continued without objection by the State Auditing Department and the trustees of the hospital, we cannot hold that the administrator was guilty of laxity in the performance of his duties simply because in retrospect an auditor now concludes that appellee’s continued operation was not in accordance with “good accounting practices” or “accepted practices” in similar situations.
*803 Assuming, but not deciding, that it was appellee’s duty to require deposits to be made more often and better procedures as to handling the funds be utilized, nevertheless there is no proof that appellee’s failure to do so was the proximate cause of the loss. We cannot hold that he violated the non definitive statute or was guilty of a breach of his responsibilities under the bond, thereby authorizing a recovery by the appellant. State for Use of Cochran v. Eakin, 203 So.2d 587 (Miss.1967); Golding v. Salter, 234 Miss. 567, 107 So.2d 348 (1958).
For these reasons on direct appeal the judgment of the circuit court is affirmed- and on cross appeal the judgment is reversed and judgment entered here for the appellee.
Affirmed on direct appeal; reversed on cross appeal and judgment entered here for appellee.
GILLESPIE, P. J., and RODGERS, JONES and SMITH, JJ., concur.